**ZENG BING LIU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–3860–ag.

United States Court of Appeals, Second Circuit.

Aug. 10, 2006.

---

Karen Jaffe, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Richard E. Rosberger, Sara L. Shudofsky, Assistant United States Attorneys, New York, NY, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Zeng Bing Liu (A29–809–048) petitions for review of a June 30, 2005 decision of the Board of Immigration Appeals ("BIA") denying his motion to reconsider its earlier decision, affirming the Immigration Judge's ("IJ") denial of his claims for asylum and withholding of deportation, and to reopen the proceedings to allow him to adjust status. From the limited record before us, it appears that Liu may have received very poor representation from a number of attorneys throughout his immigration proceedings. Specifically, (1) his original attorney at the immigration court level appears to have failed to mention to the IJ that Liu's mother had filed a visa petition on Liu's behalf; (2) Liu alleges that he conferred with other attorneys after the IJ's decision, who advised him not to pursue his asylum claim, but to wait until he was eligible to adjust his status; (3) the Porges law firm filed a motion to reopen on Liu's behalf in September 2001, but it failed to keep Liu informed of what it had filed, and Robert Porges was disbarred soon afterwards; (4) Karen Jaffe, Esq., who has now been suspended from practice before the IJ and BIA and has also been sanctioned by this Court for her inadequate briefing in past cases, submitted an ill-prepared motion to the BIA, which failed to state its basis or include critical supporting evidence; and (5) Jaffe has submitted a brief in this matter to this Court that contains inapposite arguments and is once again woefully inadequate. Unfortunately, it does not appear that any of Liu's attorneys argued ineffective assistance of prior counsel to the BIA, or submitted any complaints to the disciplinary authorities pursuant to *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). This is all particularly troubling, given that the IJ found Liu credible about his past persecution but denied him relief on the basis of *Matter of Chang,* 20 I. & N.

Dec. 38, 1989 WL 247513 (BIA 1989) (holding that harm inflicted under China's coercive family planning policies did not amount to persecution on account of a protected ground), the holding of which has been superseded by statute.

This Court recently directed that Jaffe be relieved as counsel in all cases in which she has filed an appearance but not yet filed a brief. *In re Jaffe*, No. 06–9009–am (2d Cir. July 13, 2006). Although Jaffe filed a brief in the present case, it is impossible to determine from that brief whether Liu has any viable arguments to be made in support of his petition for review or a basis to seek remand to the BIA.

Consequently, it is hereby ORDERED that Jaffe be relieved as counsel for petitioner, and that any scheduling order that was issued in this case be suspended. It is further ORDERED that new counsel be appointed to represent petitioner *pro bono publico* and to brief any colorable arguments that he may have. The Clerk shall invite members of the bar of this Court (including legal clinic programs associated with area law schools) to serve in this capacity. Once counsel has been appointed, a new scheduling order shall issue and review of the petition shall be returned to the instant panel.