**Zhou Jin YUAN, Xiu Qin
Lin, Petitioners,**

**v.**

Alberto R. **GONZALES**,[1] Respondent.

Nos. 05–1333–AG (L), 05–1334–AG (CON).

United States Court of Appeals,
Second Circuit.

Oct. 27, 2006.

Karen Jaffe, New York, NY, for petitioner.

Paula D. Silsby, United States Attorney for the District of Maine, William J. Schneider, Assistant United States Attorney, Portland, ME, for respondent.

Present: JOHN M. WALKER, SONIA SOTOMAYOR, BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Zhou Jin Yuan (A77–810–890) and her daughter Xiu Qin Lin (A77–810–891) petition for review of a March 1, 2005 BIA decision affirming Immigration Judge ("IJ") Sandy Hom's April 24, 2004 denial of Yuan's third motion to reopen her removal proceedings, where Yuan and Lin were initially ordered removed *in absentia* on January 14, 2000. The record indicates that the IJ's denial of Yuan's first motion to reopen, filed in April 2000, was premised on a significant factual error, which neither of the parties acknowledge in their briefs to this Court. In that motion, Yuan alleged that she never received notice that her motion to change venue from Detroit to New York City had been granted, or of the new date for her asylum hearing. The IJ denied that motion, finding that written notice of the new venue and hearing date had been mailed to Yuan's "address noted in the request for a change of venue." However, upon review of the record, we note that Yuan provided her address to the Detroit IJ as "135 East Broadway, Apt. *# 4A,*" but the IJ mailed the new hearing notice to 135 East Broadway, Apt. *# 4.*

Apparently, this error was never discovered, although the record suggests that Yuan made some attempt to alert the agency: (1) she filed a notice of appeal of the IJ's denial of her first motion to the

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

BIA, through Dylan Chan, Esq., but it was dismissed in August 2000 as untimely filed; (2) she filed a *pro se* motion to reopen or reconsider with the IJ in December 2000, alleging ineffective assistance of counsel and attaching a complaint she had filed against Chan, where she accused him of having "misspelled" the address he provided to the IJ; and (3) after that motion was denied as time and numerically barred, and non-compliant with *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988), she retained the services of Karen Jaffe, Esq., who filed a nearly identical motion in April 2004. Jaffe did not mention the IJ's error or meaningfully address the procedural history of Yuan's case in the motion, nor in her appeal to the BIA.

Jaffe has now been suspended from practice before the IJ and BIA. Further, this Court recently sanctioned her for her inadequate briefing in past cases, and ordered that she be relieved as counsel in all cases in which she has filed an appearance but not yet filed a brief. *In re Jaffe*, No. 06–9009–am (2d Cir. July 13, 2006). Although Jaffe filed a brief in the instant case, that brief again contains only a limited procedural history and inapposite legal arguments. Her deficient representation is particularly troubling in this case because Yuan never had the opportunity to present her asylum claim, and her current situation is primarily due to two agency errors: (1) the Detroit IJ's failure to enter her address correctly in the notice of the new hearing, and (2) the New York IJ's failure to recognize this error when Yuan alleged in her first motion that she never received that notice. Although Yuan's motions put the agency on notice of the errors—which were arguably serious enough to warrant *sua sponte* reopening—the poor advice she received from her attorneys likely contributed to the agency's failure to address the errors earlier. Compe-

tent counsel may yet be able to address these errors with the government and the BIA.

Consequently, it is hereby ORDERED that Jaffe be relieved as counsel for petitioner, and that any scheduling order that was issued in this case be suspended. It is further ORDERED that new counsel be appointed to represent petitioner *pro bono publico*, and to brief any colorable arguments that she may have. The Clerk shall invite members of the bar of this Court (including legal clinic programs associated with area law schools) to serve in this capacity. Once counsel has been appointed, a new scheduling order shall issue and the petition will be assigned to a new panel of this Court in the normal course.