cedure 34(a)(2), Second Circuit Local Rule 34(d)(1).

**HUI MING SHAO, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–0941–ag.**

United States Court of Appeals, Second Circuit.

July 13, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

---

Karen Jaffe, New York, NY, for Petitioner.

Jeffrey A. Taylor, United States Attorney for the District of Columbia, Madelyn Johnson, Assistant United States Attorney, Quan K. Luong, Special Assistant United States Attorney, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Hui Ming Shao, a citizen of the People's Republic of China, seeks review of a February 10, 2004 order of the BIA affirming the November 4, 2002 decision of Immigration Judge ("IJ") John Opaciuch, denying her applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Hui Ming Shao*, No. A77 354 062 (B.I.A. Feb. 10, 2004), *aff'g* No. A77 354 062 (Immig. Ct. N.Y. City Nov. 4, 2002). We assume the par-

ties' familiarity with the underlying facts and procedural history of the case.

### Analysis

 Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). Issues not sufficiently argued in the briefs of parties are considered waived and normally will not be addressed on appeal. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 546 n. 8 (2d Cir. 2005). Here, the IJ's burden of proof finding is an independent ground upon which he denied Shao's application for asylum and withholding of removal. *See Steevenez v. Gonzales*, 476 F.3d 114, 117–18 (2d Cir.2007). The burden of proof finding was, for the most part, reliant on the IJ's determination that Shao failed to sufficiently corroborate her claims. However, although Shao acknowledges the corroboration finding in her brief to this Court, she does not meaningfully challenge it. Accordingly, we deem any such challenge to be waived.[2]

We add that no manifest injustice would result from finding that Shao waived the challenge. The IJ reasonably required that Shao corroborate her claims because, among other reasons, her testimony was not consistent with the 1998 State Department Profile of Asylum Claims. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000) (finding that corroboration may reasonably be expected under certain circumstances). The additional evidence Shao submitted failed to support her claims.

### Deficiencies in Petitioner's Brief

Federal Rule of Appellate Procedure 28(a) requires that an appellant's brief in-

---

2. Similarly, we note that Shao does not challenge the agency's denial of her application for CAT relief. We therefore deem that claim abandoned.

clude, *inter alia*, a statement of the case describing lower court proceedings and dispositions below; a statement of the facts relevant to the issues on review with citations to the record; a summary of the argument, which should not merely repeat the argument; and an argument containing appellant's contentions, the reasons for them, and applicable standards of review. Fed. R.App. P. 28(a)(6), (7), (8), (9). These are mandatory requirements. *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir.1999) (per curiam).

■ The brief filed by petitioner's counsel, Karen Jaffe, fails to comply with these rules. Counsel fails to provide a statement of the facts, and the statement of the case gives an over-simplified version of the facts, omitting important elements of petitioner's claim including her allegations of being fined in China. There is no summary of the IJ's reasoning regarding either the petitioner's failure to meet her burden of proof, or information in the 1998 State Department Profile which undermines her claims. Both the summary of the argument and the argument itself make short, conclusory statements about Shao's eligibility for relief but provide no application of law to fact. We note that Attorney Jaffe has repeatedly failed to comply with the Federal Rules of Appellate Procedure in filing her briefs with this Court,[3] and warn her that further non-compliance may result in disciplinary action.

For the foregoing reasons the petition for review is DENIED. In addition, any pending motion to stay removal is DENIED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).

---

**3.** *See e.g., Zeng Bing Liu v. Gonzales,* 193 Fed.Appx. 51 (2d Cir.2006) (Summary Order); *Zhou Jin Yuan v. Gonzales,* 202 Fed.Appx. 506 (2d Cir.2006) (Summary Order).